UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-62994-RAR

**DEBORAH LAZARUS,** *et al.*,

    Plaintiffs,

v.

**USAA CASUALTY INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Count II of Plaintiffs' State Court Complaint [ECF No. 4] ("Motion") filed on December 5, 2019.

On October 31, 2019, Plaintiffs filed a Complaint [ECF No. 1-2] in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. *See generally* Compl. In their Complaint, Plaintiffs allege a breach of contract claim (Count I) and a declaratory action (Count II) against Defendant for failure to pay for damages allegedly covered under an insurance policy. Compl. ¶¶ 12-25. The Motion asserts that Plaintiffs have failed to demonstrate that declaratory relief is appropriate because they have failed to specify an ambiguity within the insurance policy. Mot. at 5. More specifically, Defendant maintains that Plaintiffs' breach of contract claim "assume[s] that the [insurance policy's] terms are clear and provide coverage for their claims." *Id.* Further, Defendant asserts that Plaintiffs' declaratory action is duplicative because the factual basis for both the breach of contract claim and the declaratory action are identical and seek the same relief. *Id.* at 7.

Plaintiffs filed a Response in Opposition [ECF No. 7][1] ("Response") alleging that an ambiguity exists because Plaintiff alleges doubt as to whether an exclusion applies under the insurance policy.  Resp. at 3.  In its Reply in Support of its Motion [ECF No. 9] ("Reply"), Defendant maintains that a determination of Plaintiffs' breach of contract claim will resolve the alleged ambiguity and therefore, Plaintiffs declaratory action is completely subsumed within Plaintiffs' breach of contract claim.  Having reviewed the Motion, Response, and Reply, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 4] is **GRANTED**.  Count II of Plaintiff's State Court Complaint [ECF No. 1-2] is **DISMISSED without prejudice**.  *Brodsky v. USAA General Indemnity Co.*, No. 19-62860, 2020 WL 231189, at *2 (S.D. Fla. Jan. 15, 2020) ("If the determination of the plaintiff's breach of contract claim involves the same factual dispute as the declaratory judgment claim, then the Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim and consequently the declaratory action must be dismissed.") (citations and internal quotations omitted); *Organo Gold Int'l, Inc. v. Aussie Rules Marine Servs., Ltd.*, --F. Supp. 3d--, No. 18-80758, 2019 WL 7371844, at *5 (S.D. Fla. Sept. 7, 2019) ("Where . . . the declaratory judgment count would serve no useful purpose because the issues will be resolved by another claim, courts generally decline to entertain the declaratory judgment count.") (citations omitted); *Berkower v. USAA Casualty Ins. Co.*, No. 15-23947, 2016 WL 4574919, at *5 (S.D. Fla. Sept. 1, 2016) ("By requesting a declaration with respect to the

---

[1] The Court notes that Plaintiffs' Response was filed 29 days after service of Defendant's Motion and thus, in violation of Local Rule 7.1(c).  On January 10, 2020, the Court entered an Order to Show Cause [ECF No. 6] requiring Plaintiffs to show good cause for their failure to timely file a response.  Plaintiffs timely filed a Response to the Order to Show Cause [ECF No. 8] alleging excusable neglect for their failure to timely respond to the Motion.  Plaintiffs' Response was filed simultaneously with their Response to the Order to Show Cause.

losses, costs, or expenses incurred as a result of the subject loss[,] . . . Plaintiffs are effectively seeking a judgment concerning the amount of damages—relief *already* fully accessible to Plaintiffs under their breach-of-contract claim.") (citation and internal quotations omitted) (alteration in original) (emphasis in original).

2. Plaintiffs shall file an Amended Complaint on or before **February 7, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 24th day of January, 2020.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**